UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-CV-14240-RAR

**AVION LAWSON**,

    Plaintiff,

v.

**OFFICER E. MONTOYA**, *et al.*,

    Defendants.
_____/

## ORDER DISMISSING COMPLAINT

**THIS CAUSE** comes before the Court on Plaintiff Avion Lawson's *pro se* Complaint filed pursuant to 42 U.S.C. § 1983.  *See* Complaint ("Compl.") [ECF No. 1].  Plaintiff has also filed a motion to proceed *in forma pauperis* ("IFP").  *See* IFP Motion [ECF No. 4].  In his Complaint, Plaintiff alleges various correctional officers at Martin Correctional Institution ("Martin C.I.") have "beaten [him] repeatedly . . . as a means of 'premeditated design of murder' to deter [Lawson] from filing lawsuits and grievances against prison staff," and that the prison's administrators have repeatedly ignored his grievances.  Compl. ¶¶ 16, 21.  Plaintiff admits, right off the bat, that he has filed <u>dozens</u> of meritless cases in federal court and that he qualifies as a "three-strike" litigant under 28 U.S.C. § 1915(g), but insists that he meets the "imminent danger" exception due the persistent and constant threat of physical harm he faces from Martin C.I. staff.  *See generally* Compl. at 3–6; Memorandum of Law ("Memo.") [ECF No. 3] at 1.  After careful review, the Court declines to address whether Plaintiff meets the "imminent danger" exception and will instead **DISMISS** the Complaint as frivolous and malicious.

## **LEGAL STANDARD**

The Court "*shall* review . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A (emphasis added). The definition of a "prisoner" includes "any person incarcerated or detained in any facility who is . . . accused of [or] convicted of . . . violations of criminal law." *Id.* § 1915A(c). In conducting its screening of a prisoner's complaint, the Court must "dismiss the complaint[] or any portion of the complaint," when it is (1) "frivolous, malicious, or fails to state a claim upon which relief may be granted[;]" or (2) "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b). Similarly, under § 1915(e)(2), "the court *shall* dismiss [a] case *at any time* if the court determines that . . . the action" fails for the same enumerated reasons articulated under § 1915A. *Id.* § 1915(e)(2)(B) (emphasis added).

To state a claim upon which relief may be granted, a complaint's factual allegations "must be enough to raise a right to relief above the speculative level"—with "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). Under this standard, legal conclusions "are not entitled to the assumption of truth" and are insufficient to state a claim. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Moreover, "[w]here a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* at 678 (internal quotation marks omitted).

"To commence a civil lawsuit in federal district court, the general rule is that initiating parties must prepay a filing fee." *Rivera v. Allin*, 144 F.3d 719, 722 (11th Cir. 1998) (citing 28 U.S.C. § 1914(a)), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). A person that is "unable to pay such fees or give security therefor" can avoid prepaying the filing fee by

filing a motion to proceed IFP. 28 U.S.C. § 1915(a). However, the statute also provides a major exception to this rule:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

*Id.* § 1915(g). The purpose of this provision, also known as the "three-strikes rule," is "to curtail abusive prisoner litigation" by only allowing "a prisoner to file three meritless suits at the reduced rate provided by that section. After the third meritless suit, the prisoner must pay the full filing fee at the time he initiates suit." *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) (quoting *Vanderberg v. Donaldson*, 259 F.3d 1321, 1324 (11th Cir. 2001)). If, after receiving three "strikes," a prisoner files a new suit while moving to proceed IFP, "a court must dismiss the prisoner's case." *Medberry v. Butler*, 185 F.3d 1189, 1192 (11th Cir. 1999).

## **ANALYSIS**

The Complaint is a quintessential "shotgun pleading": it is "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action[,]" it does not separate "into a different count each cause of action or claim for relief[,]" and it does not clearly specify which defendants are responsible for which specific constitutional violations. *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1322–23 (11th Cir. 2015). Instead, the Complaint takes the form of a long and rambling narrative, which attempts to inform the Court about an allegedly four-year campaign of reprisal by Martin C.I. officials against Plaintiff for events that took place in other Florida Department of Corrections facilities and because of Plaintiff's status as

a serial litigant. *See* Compl. ¶¶ 11, 17–18. As best the Court can tell, Plaintiff alleges that the following unconstitutional acts occurred to him while at Martin C.I.:

- On August 23, 2019, "Officer V. Maldonado" "falsely accused [Lawson] of lewd behavior[.]" Officer Maldonado threated to kill Plaintiff and then directed Officers Gibson and Whipple to "strike [Lawson] in the back, legs, ribs, and back of his head." He also alleges that he received "no medical treatment" after this attack occurred. *See id.* ¶¶ 13–14. Plaintiff filed a § 1983 suit against Officer Maldonado and other Martin C.I. officials, but U.S. District Judge Aileen M. Cannon dismissed the case because Plaintiff failed to exhaust his administrative remedies. *See* Order Granting Motion to Dismiss, *Lawson v. Maldonado*, No. 19-CV-14356 (S.D. Fla. June 10, 2021), ECF No. 55.

- On November 24, 2019, "Officer W. Demas" reportedly retaliated against Plaintiff for filing his lawsuit against Officer Maldonado by falsifying a disciplinary report and having Plaintiff placed in disciplinary confinement. While in confinement, Officer Gibson tampered with and withheld food and threatened Plaintiff with additional harm. *See* Compl. ¶¶ 61–63, 67–68. Plaintiff also sued Officer Demas for this, but U.S. District Judge K. Michael Moore dismissed the case for failing to state a claim upon which relief could be granted. *See* Order of Dismissal, *Lawson v. Simmons*, No. 22-CV-14249 (S.D. Fla. Mar. 6, 2023), ECF No. 23.

- On February 21, 2022, Officer Montoya purportedly "stopped Avion Lawson from going to his callout at the law library" and threatened to physically harm him for filing lawsuits. During this confrontation, Officer Montoya yelled out to the nearby inmates that Plaintiff was "a fucking rat ass snitch" and encouraged the inmates to kill Plaintiff. *Id.* ¶¶ 76–79.

- On April 19, 2022, Officer "Jane Doe" "searched [Plaintiff's] cell, ripped up his sheets, took his blanket, and tossed [his] toothbrush in the toilet, stating, 'We never walk alone!'" One week later, the same officer "threatened to lock [Plaintiff] up and slammed his cell door shut with him inside, almost chopping his fingers off." *Id.* ¶¶ 84–85.

- On May 18, 2022, Officer Foster "made [Plaintiff] dump his tray in the chow hall without taking a bite, telling him, 'We got something for you! Wait and see!'" *Id.* ¶ 87.

- On May 20, 2022, Plaintiff was told that he was supposed to be the target of a hit that killed another inmate. Plaintiff claims that this hit occurred in response to Officer Montoya's actions on February 21, 2022. *See id.* ¶¶ 80–81.

- On April 1, 2023, Officer Price "approached [Plaintiff] . . . [and said] he better get his skinny Black ass in the cell before she lock [sic] his ass up." Officer Price also "promise[d]" to make Plaintiff's life "a living hell." *Id.* ¶¶ 92–93.

- On May 4, 2023, Officers Fortt, Welcher, Reuda called Plaintiff a "snitch" in front of other inmates. When Plaintiff protested, the officers handcuffed Plaintiff and then "slammed" Plaintiff to the ground. *See id.* ¶¶ 112–17.

- Finally, on July 21, 2023, Plaintiff "was attacked by his cellmate who stated Officer Reuda paid him to kill [Plaintiff]." Martin C.I. officials did nothing to stop or prevent the attack. *See id.* ¶¶ 125-31.

Since Plaintiff did not prepay the filing fee, he is subject to the provisions of § 1915(g) if he has accumulated three or more strikes. *See Dupree*, 284 F.3d at 1236. Plaintiff admits that § 1915(g) applies, and the Court agrees. *See* Memo. at 1, 3. Last year, U.S. District Judge Donald M. Middlebrooks concluded that Plaintiff had accumulated at least four "strikes" under § 1915(g) for filing multiple frivolous and malicious lawsuits in federal court. *See* Order of Dismissal, *Lawson v. Uncle Al's Cookies, Inc.*, No. 22-CV-14208 (S.D. Fla. June 13, 2022), ECF No. 4 at 3.[1] The Court adopts Judge Middlebrooks's well-reasoned order and concludes that Plaintiff is a "three-strikes" litigant under § 1915(g).

The only exception to the three-strikes rule is when the prisoner alleges that "he is under imminent danger of serious physical injury." *Medberry*, 185 F.3d at 1192. The plaintiff must affirmatively "allege facts showing that he was in any danger of imminent harm" at the time he filed his complaint. *White v. Lemma*, 947 F.3d 1373, 1379 (11th Cir. 2020). Plaintiff contends that he has "met the § 1915(g) standard and under serious physical injury and is imminent at the

---

[1] The Court finds that one of those four cases, *Lawson v. Maldonado*, No. 19-CV-14356 (S.D. Fla. June 10, 2021) no longer counts as a "strike" since the Eleventh Circuit now holds that "a dismissal for failure to exhaust administrative remedies [is] a 'strike'" only when "the failure to exhaust appears on the face of the prisoner's complaint." *Wells v. Brown*, 58 F.4th 1347, 1350 (11th Cir. 2023) (en banc). But that does not change Plaintiff's status as a three-striker since: (1) Plaintiff still has at least three strikes, and (2) Plaintiff accumulated another strike after Judge Moore dismissed another one of Plaintiff's cases. *See* Order of Dismissal, *Lawson v. Simmons*, No. 22-CV-14249 (S.D. Fla. Mar. 6, 2023), ECF No. 23 at 7 (dismissing case for "failure to raise a valid claim").

time of the filing of this complaint." Memo. at 3 (errors in original). As proof, Plaintiff points to the "repeated and constant retaliation by the named prison officials [who have] terrorized [Plaintiff] for years." Compl. ¶ 88. The Court need not address this exception, however, since the Complaint is still due to be dismissed under 28 U.S.C. § 1915A(b). *See White*, 947 F.3d at 1379 ("So though a court must procedurally dismiss without prejudice the claim of a prisoner who has struck out under the three-strikes provision and failed to pay the filing fee, the court may also consider the merits to dismiss the case with prejudice instead.").

The Eleventh Circuit has explained that a "duplicative complaint is an abuse of the judicial process and is properly dismissed without prejudice as malicious under [§ 1915A(b)(1)]." *Daker v. Ward*, 999 F.3d 1300, 1308 (11th Cir. 2021). In contrast, a complaint is "frivolous" when "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Plaintiff's Complaint is virtually identical to a complaint he filed in this same Court about a year ago. *Compare* Compl., *with* Complaint, *Lawson v. Simmons*, No. 22-CV-14249 (S.D. Fla. July 11, 2022), ECF No. 1. The only difference between the two complaints is that the instant Complaint references more alleged misconduct that has taken place in 2023. *See generally* Compl. ¶¶ 89–132. Judge Moore dismissed the Complaint with prejudice, finding that most of the Complaint was barred by the doctrine of collateral estoppel and that the remainder of the Complaint should be dismissed for failure to state a claim. *See* Order of Dismissal, *Lawson v. Simmons*, No. 22-CV-14249 (S.D. Fla. Mar. 6, 2023), ECF No. 23 at 7.

For the past four years, then, Plaintiff has attempted to relitigate the same claims over and over again[2]—adding more details as time passes—in an attempt to achieve a different result. The

---

[2] This pattern has gone on for even longer than that. Even before being transferred to Martin C.I., Plaintiff has had a long history of accusing prison officials around the State of Florida of: (1) targeting Plaintiff because of his prolific lawsuits and grievances, (2) physically abusing him, (3) falsifying disciplinary reports to retaliate against Plaintiff, (4) frequently threatening Plaintiff with future physical harm and death,

Complaint, therefore, is a malicious abuse of judicial resources and cannot be tolerated. *See Daker*, 999 F.3d at 1308. The Complaint is also frivolous since it raises the same allegations that have already been rejected as legally insufficient by this Court. *See Mallon v. St. Lucie Cnty. Public Defender's Off.*, No. 22-CV-14396, 2022 WL 17477010, at *5 (S.D. Fla. Dec. 6, 2022) (dismissing complaint where the plaintiff presented "the same frivolous claims our colleagues have tossed out several times before").

Since dismissing Plaintiff's duplicative and frivolous complaints have not curtailed Plaintiff's abuse of the judicial process, the Court now finds it appropriate to warn Plaintiff about sanctions. It is sometimes proper to restrain "particularly abusive prisoner[s]" from having unfettered access to the courts when he or she has demonstrated a proclivity for filing lawsuits designed "to either harass those in positions of authority or to grind the wheels of the judicial system to a halt." *Procup v. Strickland*, 792 F.2d 1069, 1071–72 (11th Cir. 1986) (en banc). Several judges in the Northern District of Florida have found that Plaintiff is a malicious filer who has repeatedly provided false information in his pleadings. *See* Report and Recommendation, *Lawson v. Leavins*, No. 5:15-CV-76 (N.D. Fla. Apr. 22, 2015), ECF No. 5 at 3 ("The court will not tolerate false responses or statements in any pleading or motion filed before it. Here, Plaintiff falsely responded to questions on the complaint form, as detailed above."); Report and Recommendation, *Lawson v. Marshall*, No. 5:15-CV-199 (N.D. Fla. Sept. 24, 2015), ECF No. 5 at 4 ("In view of Plaintiff's failure to truthfully disclose his filing history, for which he has previously been sanctioned by the Court with a dismissal of a case . . . the Court concludes that

---

and (5) enlisting other inmates to harm Plaintiff. *See, e.g.*, Complaint, *Lawson v. Brannon*, No. 5:18-CV-84 (N.D. Fla. Apr. 2, 2018), ECF No. 1; Complaint, *Lawson v. Churchwell*, No. 3:16-CV-487 (N.D. Fla. Sept. 27, 2016), ECF No. 1; Complaint, *Lawson v. Barber*, No. 5:15-cv-150 (N.D. Fla. June 29, 2015), ECF No. 1; Complaint, *Lawson v. Leavins*, No. 5:15-CV-112 (N.D. Fla. May 22, 2015), ECF No. 1. The eerie similarities between all of Plaintiff's complaints over the past decade are hard to ignore.

this case should be dismissed."). And the Court has documented Plaintiff's history of abusive and repetitive filings in this District. For these reasons, this Order shall serve as a warning to Plaintiff that continuing to file meritless lawsuits in federal court will result in the entry of sanctions against him—which can include restrictions on his ability to file new lawsuits and/or monetary penalties against him. *See Barash v. Kates*, 586 F. Supp. 2d 1323, 1326 (S.D. Fla. 2008) ("The only limitation on the court's discretion to enjoin abusive litigation is that courts are not permitted to completely bar all access to the courts." (citing *Procup*, 792 F.2d at 1074)).

## CONCLUSION

Based on the foregoing, it is hereby **ORDERED AND ADJUDGED** that the Complaint [ECF No. 1] is **DISMISSED with prejudice** as frivolous and malicious under 28 U.S.C. § 1915A(b). All pending motions are **DENIED as moot**. The Clerk shall **CLOSE** the case.

**DONE AND ORDERED** in Miami, Florida, this 11th day of August, 2023.

_____
**RODOLFO A. RUIZ II**
**UNITED STATES DISTRICT JUDGE**

cc:  Avion Lawson
     DC # W38414
     Martin Correctional Institution
     Inmate Mail/Parcels
     1150 SW Allapattah Road
     Indiantown, FL 34956
     PRO SE